PEARL D. CAMPBELL v. DEBORAH KAY DOBY, CLAUDE WILLIAM DOBY, AND GARLAND WAGONER, INDIVIDUALLY AND JOINTLY

No. 7315SC508

(Filed 25 July 1973)

**Automobiles §§ 62, 83— striking of pedestrian — failure of pedestrian to keep lookout**

In an action to recover for personal injuries received by plaintiff when she was struck by a truck driven by defendant, the trial court properly directed verdict for defendant where the evidence disclosed no negligence on the part of defendant, but did disclose a failure on the part of plaintiff to keep a proper lookout for her own safety while crossing a street at a place other than a marked or unmarked crosswalk.

APPEAL by plaintiff from *Bailey, Judge,* 29 January 1973 Civil Session Superior Court, ALAMANCE County.

Plaintiff seeks to recover damages for personal injuries received when she was struck by a truck driven by defendant Deborah Kay Doby. The 1960 Ford truck was owned by defendant Garland Wagoner. The following facts were the subject of a stipulation and were given to the jury as agreed facts:

"[O]n Saturday, May 15, 1971, at about 2:10 p.m., the plaintiff Pearl D. Campbell, a pedestrian, was traveling south across South Church Street in the City of Burlington. She was walking south across the street. At that time the defendant Deborah Kay Doby was operating a 1960 Ford truck which was owned by Garland Wagoner, and she was traveling west on South Church Street. The Ford truck, operated by Deborah Kay Doby, collided with the plaintiff, Mrs. Campbell as she was crossing South Church Street.

Deborah Kay Doby is the daughter of Claude William Doby and at the time of this accident Claude William Doby was employed by the defendant Garland Wagoner. At the time of the accident in question, the posted speed limit at this place was thirty-five miles per hour. It was in a business district, the pavement was dry, the accident occurred in the daylight hours, and it was cloudy at the time of the accident. There is no traffic control at the scene of the accident, that is to say, no stop sign, or stoplight. The texture of the road at the scene of the accident was asphalt. There were no defects in the road at the accident location. It is further stipulated by the parties that this collision occurred at a time when the plaintiff was crossing Church Street at a point other than a marked or unmarked crosswalk."

At the end of the plaintiff's evidence, the court granted motion of defendants for a directed verdict and entered judgment dismissing the action. In apt time, plaintiff filed written motion for a new trial, and the court entered its order denying the motion. Plaintiff appealed from the entry of the judgment and the order.

*Vernon and Vernon, P.A., by Wiley P. Wooten, for plaintiff appellant.*

*Henson, Donahue and Elrod, by Daniel W. Donahue, for defendant appellees.*

MORRIS, Judge.

The court noted in its judgment that the motion for directed verdict was allowed because plaintiff's evidence taken in the light most favorable to her failed to disclose any actionable negligence on the part of defendants and did disclose that plaintiff was guilty of contributory negligence as a matter of law. We agree.

Plaintiff testified that she had ridden a bus from her home to the Grove Park Church and from there had gone to Alamance Road which she crossed. She stopped on the curb of Church Street, waited for the cars that "were coming down Church Street toward town to come to a stop" and proceeded across to the median. She had raised her left foot to step up on the median when she was hit. She crossed at an angle. She testified that when she stopped at a phone booth prior to cross-

Campbell v. Doby

ing the street, she looked both ways and waited until the cars came to a stop at the stoplight down the street and then started across the street away from the direction in which defendant Doby was traveling. She didn't remember whether she looked to her left again after stepping into the street and before she was hit. She didn't see the truck at all until just before it struck her. When she was crossing the street her attention was first directed to the Doby truck when she saw the left front fender. She never heard a horn blow. Plaintiff had a view in the direction from which the Doby truck was coming for a quarter of a mile.

The investigating officer testified that the maximum posted speed limit was 35 miles per hour; that he found the plaintiff lying about 15 feet from the front of the truck; that the truck stopped approximately at the point of impact; that the truck left 53 feet of skid marks; that defendant Doby told him she didn't see plaintiff until just before the accident. Plaintiff was hit about 6 feet north of the median. This physical evidence is in conflict with and belies plaintiff's evidence that she was stepping up on the median.

There is no evidence of agency as to Claude William Doby and motion as to him was properly allowed.

Plaintiff's evidence discloses no negligence on the part of defendants but it clearly discloses a failure on her part to keep a lookout for her own safety in crossing the street. The motion for directed verdict was properly allowed and the motion for new trial properly denied.

Affirmed.

Judges BRITT and PARKER concur.